IN THE UNITED STATES DISTRICT COURTS
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BERTHA BALTAZAR o/b/o                                                        PLAINTIFF
M. B.

    v.                               CIVIL NO. 04-2134

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Bertha Baltazar brings this action on behalf of her minor daughter, M. B., seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying M. B.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act.

**I. Background:**

Plaintiff protectively filed an application for SSI on M. B.'s behalf on February 25, 2002, alleging that M. B. is disabled due to attention deficit hyperactivity disorder ("ADHD"), asthma, and arthritis. (Tr. 47-50, 52). An administrative hearing was held on July 7, 2003. (Tr. 337-380). Plaintiff and M. B. were present and represented by council. At that time, M. B. was twelve years old and had completed the sixth grade. (Tr. 342).

The Administrative Law Judge ("ALJ"), in a written decision dated October 8, 2003, found that M. B.'s ADHD and oligoarthritis were severe impairments, but did not meet, medically equal, or functionally equal any listed impairment. (Tr. 20).

On May 5, 2004, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, plaintiff filed this action. (Doc. # 1). This case is before the undersigned by consent

of the parties. Both parties were afforded the opportunity to file appeal briefs, however, plaintiff chose not to do so. (Doc. # 11).

**II. Discussion:**

The court's review is limited to whether the decision of the Commissioner to deny benefits to the plaintiff is supported by substantial evidence on the record as a whole. *See Ostronski v. Chater*, 94 F.3d 413, 416 (8th Cir. 1996). Substantial evidence means more than a mere scintilla of evidence, it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Pearles*, 402 U.S. 389, 401 (1971). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. *Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996).

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996, P.L. 104-193, revised the standards for determining childhood disability. *See* 42 U.S.C. § 1382c(a)(3)(c)(I). Effective January 2, 2001, the Commissioner promulgated "final" revised rules in response to public comments regarding the implementation of the revised rules. *See* Childhood Disability Provisions, 65 Fed. Reg. 54747 (September 11,2000)(to be codified at 20 C.F.R. Pts. 404, 416.) Under these "final" rules there is now a single method, rather than four separate methods, for evaluating functional equivalence based only on six domains of functioning. 20 C.F.R. § 416.926a(b). In the present case, in the decision dated October 8, 2003, the ALJ correctly used the "final" rules in making his disability determination.

The regulations implementing the revised standards prescribe a three-step process for making the disability determination. First, the ALJ must determine whether the child has engaged in

AO72A
(Rev. 8/82)

substantial gainful activity. *See* 20 C.F.R. 416.924(b). Second, the ALJ must determine whether the child has a severe impairment or combination of impairments. *See* 20 C.F.R. 416.924(c). Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment. *See* 20 C.F.R. § 416.924(d). In the present case, the ALJ found that M. B. 's claim failed at step three, as M. B. did not have an impairment that met or medically or functionally equaled a listed impairment.

However, after reviewing the evidence of record, the undersigned has noted that the record does not contain a recent medical assessment of plaintiff's abilities. The ALJ is suppose to determine a claimant's level of abilities, based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005). The United States Court of Appeals for the Eighth Circuit has observed:

> We recognize the difficulties which come from the type of hearing often necessitated in social security cases where much of the medical evidence is submitted in report form. Written medical reports seldom provide a medical witness the opportunity to fully develop the overall physical or mental condition of a claimant and therefore the evidence is sometimes cryptic and without sufficient detail or opinion for a trier of fact to be able to reach a fair conclusion.[1]
> Although the law recognizes that written medical reports are admissible in social security hearings and may be the sole basis for substantial evidence to support a

---

[1]It might be advisable for the [Commissioner] to submit a short set of interrogatories to examining physicians which will require the physician not only to set forth his full detailed opinion as to the extent of disability, but also whether in his opinion the claimant is disabled from pursuing substantial gainful activity or, in a widow's case, any gainful activity within the relevant time period of disability. We note Health, Education and Welfare medical advisors utilize forms in giving their opinions. (footnote in original).

social security determination[2] agency adjudicators and courts cannot ignore their inadequacies. Experience within our adversary trial system has long demonstrated that naked conclusions and opinions of medical experts are often subject to reserved and unwritten qualifications requiring searching evaluation. Medical diagnosis is seldom an exact science. However, since expediency is deemed an important consideration in processing social security claims[3] the Secretary and reviewing court must closely scrutinize the evidence to avoid miscarriages of justice. For the right to disability payments is a significant one to the applicant; it may well constitute the only ray of hope left to him.

In the present case, the most recent childhood disability evaluation was completed on November 27, 2002, indicating that plaintiff had a non-severe impairment. (Tr. 200-205). However, on December 9, 2002, plaintiff underwent a suboccipital craniotomy with occipital extension and suprasellar cerebellar subtentorial resection of the pineal region, due to the presence of a pineal mass. (Tr. 257, 284-286). The November 2002 medical assessment makes no mention of this pineal mass. (Tr. 200-205). As this condition, the surgery to alleviate said condition, and the side effects of both the condition and surgery were not evaluated by the agency doctor's completing the childhood disability forms, we believe that the case should be remanded for a more recent disability assessment.

We also find that remand is necessary to allow the ALJ to obtain a childhood disability assessment from M. B.'s treating physicians. No such assessment is contained in the record. *See Vaughn v. Heckler*, 741 F.2d 177, 179 (8th Cir. 1984) (If a treating physician has not issued an opinion which can be adequately related to the disability standard, the ALJ is obligated to address a precise inquiry to the physician so as to clarify the record). Therefore, based on the current evidence of record, we do not find substantial evidence supporting the ALJ's RFC determination.

---

[2] See *Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)*. (footnote in original).

[3] See *Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)*. (footnote in original).

AO72A
(Rev. 8/82)

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated M. B., asking the physicians to review her medical records; to complete a mental and physical RFC assessment regarding plaintiff's capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding M. B.'s RFC during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

### III. Conclusion:

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to M. B., should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of September 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)